IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

FILED
FEB 23 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:12CR 031
)
DAVID SILVER, )
)
Defendant. )

# CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### INTRODUCTION

1. At all relevant times, the defendant, DAVID SILVER was the owner of Old Dominion Financial Services (ODFS). ODFS was a private lender engaged in the business of closing and servicing loans for construction projects. ODFS would receive funds from investors and, in turn, use those funds to invest in rehabilitation projects. Specifically, ODFS lent money to borrowers to perform renovation projects. Investors were promised a rate of return on their investment which would vary with the project. The principal amount was paid to the investor once the rehabilitation was complete and the property was sold.

2. In or about 2000, SILVER began dealing with Donald C. Lacey. Lacey was involved in real estate investments and borrowed money from ODFS through SILVER. The funds lent to Lacey came from ODFS investors and were construction loans for properties in the process of being renovated. The investors typically received a deed of trust against the property as part of the loan process.

3. Beginning in or about 2006, Lacey became SILVER's only client for purposes of lending money. All of the funds received from ODFS investors were going to directly to Lacey through one of three LLCs maintained by Lacey: Clayton, LLC; Tower, LLC; and Premier, LLC.

4. Thereafter, SILVER made multiple misrepresentations to ODFS investors regarding how their investments were to be protected to include the following:

    a. the Loan-to-Value ratio for each project would not exceed 80% when, in fact, the value of the properties fell below the amount of loans attached to each;

    b. the investors' funds would be held in escrow and "draws" would be made based on the progression of the project when, in fact, SILVER gave funds directly to Lacey without confirmation of completed work;

    c. the deed of trust given to investors would amount to a first position against the property when, in fact, several investors held a deed of trust second to a pre-existing deed or lien; and

    d. ODFS was lending to a diversified group of builders when, in fact, virtually all of the funds were lent to Lacey through one of his LLCs.

5. In October 2008, SILVER received an investment from investor D.M. Prior to making the investment, D.M. was specifically advised by SILVER that his funds would be attached to a specific property and that amount of the loan to the builder would not exceed 80% of the value of the property.

6. After SILVER failed to escrow funds, he continued to receive investments and represent that the investments were secured by an 80% loan-to-value ratio. Specifically, SILVER

received funds from 80 different investors that were used to invest in properties associated with Don Lacey.

## COUNT ONE
(Conspiracy to Commit Mail Fraud)

1. The allegations in paragraphs 1 through 6 of the Introduction are realleged and incorporated herein by reference.

2. From in or about October 2006 until in or about November 2008, within the Eastern District of Virginia and elsewhere, the defendant, DAVID SILVER, did knowingly and voluntarily conspire and agree with others, both known and unknown, to commit the following offense against the United States:

having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, to knowingly: (a) place and caused to be placed in any post office and authorized depository for mail matter, any matter and thing whatever to be sent and delivered by the United States Postal Service; (b) deposit and cause to be deposited any matter and thing whatever to be sent and delivered by any private and commercial interstate carrier; and (c) cause to be delivered by mail and private and commercial interstate carrier any matter and thing whatever according to the direction thereon, in violation of Title 18, United States Code, Section 1341.

### Overt Act

In furtherance of the conspiracy, and to effect its objects, the defendant committed the following overt act, among others, in the Eastern District of Virginia, and elsewhere:

1.      On or about October 8, 2008, SILVER and his conspirators caused a package to be delivered via Federal Express from investor D.M. in Kailua, Hawaii, to the offices of Old Dominion Financial Services in Richmond, Virginia, containing a check in the amount of $87,668.00 from investor D.M.

(All in violation of Title 18, United States Code, Section 371).

## FORFEITURE ALLEGATION

Pursuant to Rule 32.2(a) FED. R. CRIM. P., the defendant is hereby notified that, if convicted of the offense charged in Count One of this information, he shall forfeit to the United States his interest in any property, real or personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of such violation, to include but not limited to the sum of at least $3,495,052 representing the proceeds of the offense charged. If property subject to forfeiture cannot be located, the United States will seek an order forfeiting substitute assets.

(All in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).)

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: *[signature]*
Laura Colombell Marshall
Assistant United States Attorney